**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SEBASTIAN JOSE,

      Plaintiff,

v.                                 Case No. 14-10711

CITY OF LIVONIA, et al.,

      Defendants.

_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS AND
DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

On May 9, 2014, Plaintiff Sebastian Jose filed a "Motion for Stay of Proceedings

or, in the Alternative, Voluntary Dismissal with Tolling of Statute of Limitations," pending

the adjudication of a case arising out of the same circumstances in state court.

Defendants City of Livonia and Livonia police officer Monty Banks responded on May

21, 2014, and Plaintiff replied on May 28, 2014.  On June 4, 2014, the state court

ordered a stay of its case pending entry of a final order and exhaustion of all appeals in

federal court.  For the following reasons, the court will deny Plaintiff's motion to stay and

deny Plaintiff's motion for voluntary dismissal.

**I. BACKGROUND**

On February 14, 2014, Plaintiff filed a complaint in this court alleging six counts:

- Count I: a 42 U.S.C. § 1983 claim for violation of the Fourth and Fifth
  Amendments;

- Count II: a malicious prosecution claim;

- Count III: a 42 U.S.C. § 1983 claim for municipal liability;

- Count IV: a false arrest claim;

- Count V: a false imprisonment claim;

- Count VI: an intentional infliction of emotional distress claim.

On March 11, 2014, this court declined to exercise supplemental jurisdiction and

dismissed without prejudice all state law claims (counts II, IV, V, and VI) pursuant to 28

U.S.C. §§ 1367(c)(2) and (4).  The next day, Plaintiff filed a complaint in Wayne County

Circuit Court containing the same six counts.  The parties have since agreed to dismiss

Plaintiff's *Monell* claim (count III) without prejudice in this court.  (Dkt. # 10, Pg. ID 76).

The sole remaining claim in this court is count I, a 42 U.S.C. § 1983 claim for violation of

the Fourth and Fifth Amendments.

On May 9, 2014, Plaintiff filed its "Motion for Stay of Proceedings or, in the

Alternative, Voluntary Dismissal with Tolling of Statute of Limitations" in this court.

Thereafter, on June 4, 2014, the Wayne County Circuit Court issued an order staying its

case pending entry of a final order and exhaustion of all appeals in federal court.  (Dkt.

# 15, Pg. ID 120).

## II.  STANDARD

### A.  Stay of Proceedings

The issuance of a stay is a matter of judicial discretion and dependent on the

particular facts of each case.  *See*, *e.g.*, *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987);

*Virginian Ry. v. United States*, 272 U.S. 658, 672–73 (1926).  A court's "power to stay

proceedings is incidental to the power inherent in every court to control the disposition

of the cases on its docket with economy of time and effort for itself, for counsel, and for

litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "How this can best be done

2

calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id* at 254–55.

A district court may abstain from exercising jurisdiction over a case where there is a concurrent state proceeding, based on considerations of "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 816 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)).  However, abstention from the exercise of federal jurisdiction

> is an *extraordinary* and *narrow* exception to the duty of a District Court to adjudicate a controversy properly before it.  Abdication of the obligation to decide cases can be justified . . . only in the *exceptional* circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

*Id.* at 813–14 (emphasis added).  Further, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"  *Id.* at 817 (quoting *McClellan v. Carland,* 217 U.S. 268, 282 (1910)).

The Supreme Court has set forth six factors to consider and weigh in determining whether exceptional circumstances exist such that a federal district court should decline exercising jurisdiction:  (1) assumption by either court over a *res;* (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 285–86 (1995) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 19 (1983)); *see also Romine v.*

3

*Compuserve Corp.,* 160 F.3d 337, 340–41 (6th Cir. 1998). Whether to surrender jurisdiction because of parallel state court litigation rests on a "careful balancing" of these factors "as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16.

### B.  Voluntary Dismissal

Defendants filed their answer to Plaintiff's complaint almost one month before Plaintiffs filed their motion for voluntary dismissal. Pursuant to Federal Rule of Civil Procedure 41, after an answer has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise a dismissal under this section is without prejudice. *Id.* "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Id.* (citing *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990)).

### III.  DISCUSSION

### A.  Stay of Proceedings

In attempting to persuade this court that exceptional circumstances exist such that declining to exercise jurisdiction is appropriate, Plaintiff advances three main arguments in the context of the *Moses H. Cone* factors. However, Plaintiff filed its

4

motion for stay in this court before the state court issued its order staying its case arising out of the same circumstances pending the outcome of the federal action. Although the state court's stay order may mitigate Plaintiff's assertions, this court will nonetheless endeavor to address them.

### i.  Whether Federal Law Provides the Rules of Decision on the Merits

First, Plaintiff argues that state law predominates in this case.  Defendants counter that the critical issue in this case focuses on Fourth Amendment probable cause concerns.  Under Supreme Court precedent, "the presence of federal law issues must always be a major consideration weighing against surrender of federal jurisdiction."  *Moses H. Cone,* 460 U.S. at 26.  Plaintiff's remaining federal claim in the instant action is a claim under 42 U.S.C. § 1983.  Section 1983 "was adopted to provide alternative, supplemental relief to persons who almost always have a state law remedy." *Williams v. Oak Park City Sch. Dist.*, 06-CV-12512-DT, 2007 WL 1063346, at *2 (E.D. Mich. Apr. 6, 2007) (citing *Monroe v. Pape,* 365 U.S. 167, 183 (1961), *overruled on other grounds, Monell v. Department of Social Servs.,* 436 U.S. 658 (1978)).  Therefore, "'piecemeal litigation and some duplication of judicial effort' is unavoidable to preserve the 'access to the federal relief which section 1983 assures.'"  *Williams,* 2007 WL 1063346, at *2 (citing *Allen v. Board of Educ., Unified School Dist. 436,* 68 F.3d 401, 403 n.3 (10th Cir. 1995).  The court concludes that this *Moses H. Cone* factor—whether federal law provides the rules of decision on the merits—weighs in favor of exercising jurisdiction.

### ii.  The Avoidance of Piecemeal Litigation

Second, Plaintiff argues in favor of a stay in order to avoid piecemeal litigation, insisting that there are more issues and claims to be decided and that as such, more discovery is necessary in the state court case.  Defendants contend that Plaintiff's 42 U.S.C. § 1983 claim will require a probable cause determination which is relevant to all of Plaintiff's claims.  As indicated in *Williams,* 2007 WL 1063346, at *2, piecemeal litigation is often unavoidable when section 1983 claims are at issue.  Moreover, the Wayne County Circuit Court has already stayed its proceedings pending the outcome of the instant federal case.  The state court stay order alleviates Plaintiff's concerns about judicial inefficiency and litigating factually parallel cases in two separate forums at the same time.  As such, the avoidance of piecemeal litigation, weighs in favor of exercising jurisdiction.

### iii.  The Order in which Jurisdiction was Obtained by Concurrent Forums

Third, Plaintiff argues that the order in which jurisdiction was obtained should be neutral in the court's analysis.  Plaintiff insists that although this court did obtain jurisdiction first because the instant case was filed first, this court declined jurisdiction over the state law claims and Defendants had not yet been served with the federal complaint when the state court case was filed.  Further, Plaintiff argues that the state court was the first to obtain jurisdiction over his state law claims and that the cases were filed within a few days of each other.  Defendants counter that *Moses H. Cone* indicates that consideration should be given to how much progress has been made in each case.  However, Plaintiff points out that both cases have progressed at a similar rate.

*Moses H. Cone* instructs that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been

6

made in the two actions." *Moses H. Cone,* 460 U.S. at 21.  Here, the parties have

begun formal discovery in this forum and participated in an early settlement conference.

In state court, according to Defendants, the parties have only participated in motion

practice concerning whether the state and federal claims should be dismissed or

stayed.  Here, neither the state court suit nor the federal suit have advanced enough to

favor or disfavor abstention, and thus the court considers this *Moses H. Cone* factor

neutral.  *Cf. PaineWebber, Inc. v. Cohen,* 276 .3d 197, 207–08 (6th Cir. 2001) (finding

that a two-day delay between the filing of a state court suit and a federal suit thereafter

was not a sufficient reason for abstention given that significant progress had not been

made in the state court suit).[1]

    When deciding a motion to stay, the court's task "is to ascertain whether there

exist 'exceptional' circumstances, the 'clearest of justification,' that can suffice under

*Colorado River* to justify the surrender of that jurisdiction."  *Moses H. Cone*, 460 U.S. at

25.  No clear justification exists here.  Therefore, in this case, a stay pursuant to

*Colorado River* is inappropriate.  Plaintiff's case does not fit within the "extraordinary

and narrow exception to the duty of a District Court to adjudicate a controversy properly

before it," nor would  "repair[ing] to the state court. . . clearly serve an important

countervailing interest."  *Id.* at 14.  Plaintiff's motion for stay will be denied.

### B.  Voluntary Dismissal

---

[1]Although the court finds this factor neutral, it notes that Plaintiff's motion for stay pending the outcome of its similar case in state court raises the specter of judge-shopping.  After the court dismissed Plaintiff's state law claims, the court expected Plaintiff to re-file *those* claims in state court; the court did not expect Plaintiff to re-file all of its claims in state court.

Federal Rule of Civil Procedure 41 indicates that after a Defendant has filed an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because Defendants filed their answer to Plaintiff's complaint before Plaintiff filed its motion for voluntary dismissal, Plaintiff asks the court to enter an order voluntarily dismissing the Plaintiff's claim and tolling the statute of limitations pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff supports this request with one sentence referencing his argument concerning his motion for stay. He states, "[h]ere, as set forth above, the parallel State case should proceed before this federal case for several reasons." (Dkt. # 10, Pg. ID 86.) Because he has provided no specific additional facts to support his claim, Plaintiff has failed to adequately develop this argument and it will be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). The court is not obligated to make Plaintiff's case for him or "wade through and search the entire record" to find facts that might support a motion. *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989).

Moreover, Plaintiff's lack of explanation is itself grounds for denying his motion for voluntary dismissal. Generally, when the court grants a motion to dismiss under Rule 41, "an abuse of discretion is found only where the [nonmovant] would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d 716,

8

718 (6th Cir. 1994) (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)).  In assessing "plain legal prejudice," the court considers "such factors as the [nonmovant's] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the [movant] in prosecuting the action, *insufficient explanation for the need to take a dismissal*, and whether a motion for summary judgment has been filed by the [nonmovant]." *Id.* (citations omitted and emphasis added).

Plaintiff's motion for voluntary dismissal will be denied.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion For Stay of Proceedings or, in the Alternative, Voluntary Dismissal with Tolling of Statute of Limitations" (Dkt. # 10) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's and Defendants' respective counsel are DIRECTED to appear for a status conference on **August 21, 2014 at 4:00 p.m.**

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 1, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 1, 2014, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\14-10711.JOSE.DenyMotStay.rljr.wpd

9